UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
Plaintiff,

v.

**ALDO PIMENTEL RAMIREZ**
Defendant.

CRIMINAL NO. 19-744(RAM)

## UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM

**TO THE HONORABLE COURT:**

**I.     Procedural Background**

On November 18, 2019, a three-count indictment was returned by the Grand Jury, charging Aldo Pimentel Ramirez (hereinafter, Defendant) with bulk cash smuggling, structuring to evade reporting requirements and making false statements to the United States. On February 20, 2020, Defendant entered a straight plea to all three counts of the Indictment.

**II.    The offense conduct**

On November 13, 2020, Defendant attempted to smuggle $100,000.00 from Puerto Rico to the Dominican Republic with his brother's help. Defendant gave his brother Regis Pimentel (Hereinafter Regis) $9,900.00 of his money to transport, while he travelled with $90,100.00. CBP officers asked Defendant if they were traveling with over $10,000.00. Defendant stated to CBP that he was traveling with $10,000.00 in cash and that his brother did not have more than $10,000.00.

During a CBP outbound interview of Defendant and Regis, Defendant stated he was traveling with $10,000.00 and his brother was traveling with $9,900.00. Defendant then filled out the corresponding currency declaration form, stating that he was traveling with $10,000.00. Regis also filled out a currency declaration form, stating that he was traveling with $9,900.00. Defendant

1

was asked by CBP if he was traveling with checked luggage, which he denied.

A border search of Defendant's bags, including a bag that he had indeed checked, revealed that he had hidden within different areas of the bags a total of $80,000.00. Some of the money was concealed in vacuum-sealed bags. A border search of the bag Regis was transporting revealed that he was traveling not with $9,900.00 as he declared, but with $10,000.00. The $10,000.00 were hidden inside a manila envelope that was inside a black cloth backpack. Inside a hard shell suitcase that Regis said belonged to Defendant, CBP found an additional $10,000.00. Regis told CBP that that $10,000.00 also belonged to his bother. CBP found this currency hidden in different areas of the suitcase, such as the lining of the suitcase and inside socks and shoes. Regis stated to CBP that Defendant had asked him to transport the money to the Dominican Republic for him.

Defendant and his brother admitted to CBP that the total amount of cash found between them, $100,000.00 belonged to Defendant Aldo Pimentel Ramirez.

Defendant lied repeatedly to CBP during the course of the intervention, finally stating that he did not remember the $80,000.00 in undeclared currency in his bags and that he believed that only one person of a family had to declare currency.

### The Plea of Guilty

On February 20, 2020, entered a straight plea to all three counts of the Indictment. Defendant also accepted the government's version of facts during his plea colloquy.

### The PSR Sentencing Guideline Calculation

The United States Probation Office calculated the Defendant's total adjusted offense level as level of 12, with an advisory guideline sentencing range of 10-16 months of imprisonment. The maximum statutory term of imprisonment for all three counts of conviction is five years of imprisonment.

### III. The Government's Recommendation

After evaluating Defendant's background and personal characteristics, the nature of the offense and the defendant's participation the government recommends that the Court sentence Defendant to serve a term of imprisonment of 12 months.

Defendant was the leader and mastermind of this smuggling venture. As admitted by him, he asked his brother to help him smuggle part of his $100,000.00 out of the United States and into the Dominican Republic. Defendant used his brother as a cash mule in order to evade reporting to CBP that he was moving $100,000.00 to a foreign country. The way in which Defendant concealed the money within the bags he carrying himself and the hard shell suitcase he gave his bother to carry is indicative of a conscious intent to hide the money. That notwithstanding, Defendant lied to CBP telling them that he had just forgotten about all the money that was scattered about and meticulously concealed throughout all three of his bags—including the bag de denied to CBP he had checked. Most telling is that the largest amount of cash Defendant stashed was in vacuum-sealed packages in the checked bag he lied to agents about. Using vacuum-sealed bags to conceal cash during smuggling ventures is a common concealment technique used by money launderers, drug traffickers and others involved in illegal activity. Vacuum-sealing is meant to suppress the odor of the cash in order to avoid detection by law enforcement. In more lies he told agents, Defendant, who alleges he is a legitimate businessman who travels frequently with money, claimed lack of knowledge of reporting requirements. Legitimate businessmen don't vacuum-seal cash, they don't structure cash to avoid reporting requirements and they don't use cash mules to transfer funds from one place to another. Defendant's conduct was egregious and not that of someone involved in legitimate business activity.

The government further requests the forfeiture of the seized $100,000.00. The entire amount was involved in the commission of the offense. Defendant declared he was traveling with

$10,000.00 as part of the scheme he orchestrated to smuggle the amount $100,000.00. Giving his brother $9,900.00 to declare and stashing another $10,000.00 in the suitcase he gave him to transport was also part of the scheme to smuggle.

Taking into account the offenses of conviction, the defendant's role in the offense, his criminal history, personal characteristics as described in the PSR, as well as the need for deterrence, just punishment, and to promote respect for the law; the United States submits that a sentence of 12 months of imprisonment is a sentence that is sufficient but not greater than necessary to achieve the objectives of Title 18 United States Code, Section 3553.

**WHEREFORE**, the United States requests that the Honorable Court take notice of the above and that it sentence Defendant to 12 months of imprisonment.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 8th day of May 2020.

W. STEPHEN MULDROW
United States Attorney

*s/ Teresa S. Zapata Valladares*
Teresa S. Zapata Valladares
USDC 224804
Assistant U.S. Attorney
Torre Chardón Bldg., Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Tel. (787) 766-5656
Teresa.s.zapata@usdoj.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY**, that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defense counsel of record.

s/ *Teresa S. Zapata Valladares*
Teresa S. Zapata Valladares
Assistant United States Attorney